7



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Miss Catherine Lyne Barnhill
County Attorney
Bee County
Beeville, Texas

Dear Miss Barnhill:

Opinion No. 0-5954
Re: Sheriff allowed fees for
services rendered in ex-
amining trial held by
Justice of the Peace in
precinct having active
constable.

We have received your recent request for an opinion, quoted as follows:

"Can the Sheriff's office claim through Precinct 1, (Beeville Precinct) an examining trial account, filed in an outlying precinct, Precinct 6 of Bee County, Precinct 6 having an active Justice of the Peace and an active Constable? A Deputy Sheriff filed the complaint, but due to the fact that the Criminal Ledger in the Sheriff's office does not carry an entry for such a claim, the Sheriff's office is in doubt as to whether it can claim same. In other words, I am requesting a ruling as to how the Sheriff's office is to dispose of this credit, if it is due this credit, in order to stand an auditor's inspection. The origi- nal warrant of arrest was issued out of Precinct 6, by the Justice of the Peace, and after return was made in same, it was deposited with the Justice of the Peace of Precinct 6, who presented same to the Grand Jury. Therefore the Sheriff's office has no record of a same filed in this manner until after indictment has been returned."

It is our understanding that Bee County is operating on a fee basis in regard to the compensation of its county and precinct officers.

We are attaching herewith a copy of our Opinion No. O-2833, which points out and discusses the various statutes pertinent to your question.

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRS ASSISTANT

Miss Catherine Lyne Barnhill, page 2


Assuming that an examining trial was had and your sheriff or deputy performed services in such examining trial as provided in Article 1020, Vernon's Annotated Texas Code of Criminal Procedure, and thereafter the defendant was indicted for an offense based upon or growing out of the charge filed in the examining Court, and such indictment charged the offense of murder, or some other felony other than one under which a conviction of a misdemeanor or a felony which carries the punishment of a fine, jail sentence or both such fine and imprisonment in jail, may be had, then upon complying with the provisions of said Art. 1020, V. A. C. C. P., in regard to presenting a sworn, itemized account, etc., a proper claim by such officer would be allowable.

However, if the indictment against defendant is for a felony other than murder but under the law he may be convicted under such indictment for a misdemeanor, or the punishment assessed against him may be a fine or both fine and jail sentence, the State may not pay any money to the officer for his services rendered in the examining trial of such case, until the said indictment has been finally disposed of in the trial Court, either by dismissal, acquittal, or a conviction, and the punishment assessed be other than a fine and/or jail sentence.

In no event would a claim against the State lie for such fees until an indictment has been returned for an offense of the grade of a felony based upon or growing out of the charge filed in the examining Court.

In case the defendant is indicted for a felony and upon conviction his punishment is by fine or confinement in the county jail, or by both such fine and confinement in the county jail or convicted of a misdemeanor, then such costs should be taxed, assessed and collected from the defendant, as in misdemeanor cases. (See Overstreet v. State, 112 Cr. R. 182, 15 S. W. (2) 1039; and Exparte Taylor, 142 Cr.R. 640,155 S.W. (2) 815).

The claim for such fees would not come "through Precinct 1 (Beeville Precinct)", as, according to the facts stated by you, the services were performed by your Sheriff or deputy pursuant to a complaint filed in Precinct 6. Your Sheriff and deputies may perform official services in any Justice Court in any precinct of your County regardless of the fact such precinct has an active Justice of the Peace and an

Miss Catherine Lyne Barnhill, page 3

active Constable. The fees for such services rendered, if collectable at all, are due the officer actually performing the services, whether he be Sheriff or Constable.

Trusting the above fully answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.
Robert L. Lattimore, Jr.
Assistant.

RLL:rt

(Action)



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN